INTEL CORPORATION, a Delaware corporation, Plaintiff,

v.

VIA TECHNOLOGIES, INC., a Taiwan corporation, and VIA Technologies, Inc., a California corporation, Defendants.

No. C 99–03062 WHA.

United States District Court, N.D. California.

Dec. 12, 2001.

Henry A. Petri, Jr., John F. Lynch, Arnold, White & Durkee, Houston, TX, Joseph Kattan, Gibson, Dunn & Crutcher, Washington, DC, James F. Valentine, Howrey, Simon, Arnold & White, LLP, Menlo Park, CA, Marc G. Schildkraut, Howrey, Simon, Arnold & White, LLP, Washington, DC, for Plaintiff.

Robert P. Feldman, Leo Cunningham, Wilson, Sonsini, Goodrich & Rosati, Palo Alto, CA, John S. Ferrell, Carr & Ferrell, LLP, Palo Alto, CA, for Defendants.

## ORDER RE DISCLOSURE REQUIREMENTS UNDER FRCP 26; DENIAL OF INTEL CORPORATION'S MOTION TO STRIKE DECLARATION

ALSUP, District Judge.

### INTRODUCTION

Presented is the question whether the disclosure requirements of FRCP 26(a) and (e) require a party who has disclosed a potential witness also to reveal a declaration signed by the witness for use on an impending summary-judgment motion. This order holds there is no such requirement.

### STATEMENT

The facts are straightforward. Near the end of the discovery period, counsel for defendant VIA Technologies, Inc., tracked down a former employee of plaintiff Intel Corporation. After an interview, the former Intel employee gave a sworn statement to VIA's counsel. A few days later, VIA disclosed the witness' name and address, along with the names and addresses of a number of other newly-disclosed witnesses. Approximately one month later, VIA filed the declaration in support of a summary-judgment motion. Intel then objected, arguing that the disclosure of the witness came too close to the discovery cutoff. The Court disagreed, finding that VIA disclosed the name as soon as practicable.

Intel also complained that no disclosure was made of the declaration. Had it been revealed, Intel asserts it would have certainly deposed the witness in the waning days of fact discovery. Due to the press of other priorities, Intel failed to depose or even to interview him. Then the discovery deadline passed. Consequently, Intel seeks to strike the declaration on VIA's summary-judgment motion. If the witness refused an interview, as an interim measure, the Court allowed Intel to depose the witness, despite the passing of the discovery deadline, and to file a late supplement in opposition to the summary-judgment motion. Still, however, Intel seeks to strike the declaration.

### ANALYSIS

■ The disclosure duty of FRCP 26(a)(1)(B) requires counsel to provide to all other parties a description by category and location of "all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment."

■ Without question, if this case proceeds to trial, the declaration at issue would be usable for impeachment. The rule is direct and express on this point. For impeachment, the declaration need not be disclosed. The disclosure requirements, however, apply to documents that will be used to support a claim or defense, not only at trial but also on "motion." *See Advisory Committee Comment to 2000 Amendment of FRCP 26(a)(1).* Both sides have presented authorities but, in the Court's view, none captures the essence of the problem.

In form, a declaration resembles a "document." In substance, however, it is testimony. To be precise, it is a convenient proffer, in written form, of anticipated oral trial testimony. This is the appropriate way to lay before a court the relevant universe of trial testimony so that a determination can be made whether there is any fact issue for a jury. As the deadline for summary judgment nears in any civil case, it is customary for counsel to solicit declarations from certain trial witnesses. In this process, it would be unreasonable and burdensome (and rarely, if ever, done in practice) to require all sides to augment any privilege logs or disclosure lists each and every time they obtain a declaration for potential use on summary judgment. The "documents" referred to in FRCP 26(a)(1)(B) are letters, memos, calendars, e-mails, written contracts, and the like. An affidavit may be a "document" within the meaning of the rule in some unusual instances, but the classic declaration gathered in the anticipation of a summary-judgment motion

is not within the purview of the "document" concept.

■ Put differently, witnesses testify orally at trial. Their prior declarations, if any, evaporate for all practical purposes and are made part of the evidentiary record only via impeachment. If a witness is properly disclosed, there can be no FRCP 26 bar to allowing the witness to testify orally. That is so whether or not his or her declaration was kept secret. Consequently, there should be no FRCP 26 bar to previewing the testimony in a written form convenient to the court for purposes of isolating the material fact issues.[1]

There is a second reason. In the present case, the declaration at issue was clearly work product right up until the moment it was filed. *Hickman v. Taylor*, 329 U.S. 495, 512, 67 S.Ct. 385, 91 L.Ed. 451 (1947), is on point. *See also In re Convergent Technologies Second Half 1984 Securities Litig.*, 122 F.R.D. 555 (N.D.Cal.1988).

■ FRCP 26(a) does not expressly require disclosure of work product. It does not ever require specification of individual documents—all that is required is disclosure of documents by category and location. A local rule or order can regulate, however, whether the existence of privileged material must be disclosed. In patent cases, for example, a critical defense (on the issue of "willfulness") is often "advice of counsel." The existence of any letter of counsel should not be suppressed to the very end of discovery. At a minimum, a local rule or order can require, by a given deadline, a party to disclose the existence of any letter it intends to rely on, on pain of preclusion, and to serve a privilege log as to any other material withheld. *See* Local Patent Rule 3–8. Here, unlike the privilege-log procedure for FRCP 34 responses, there was no applicable local rule or order clearly regarding a privilege log.

Finally, when a fact witness is disclosed, all parties are on notice that the disclosing side contends the witness has relevant knowledge. All are thus on notice that the disclosing side may well have interviewed the witness and may have even obtained a statement. That would be normal practice. Disclosing that fact would only disclose what should be presumed by prudent counsel. All parties are free to contact the fact witness and obtain their own statements. Intel neglected to do so here but has no one but itself to blame. VIA in no way tried to obstruct access to the witness.

The pretrial process ordinarily heads off the present problem. If summary judgment is made before the end of the discovery period, the respondent may seek to depose a declarant, obtaining an adjournment for good cause. To the same end, if a summary-judgment motion is made after the end of the discovery period, the respondent may obtain a counter-declaration or may request leave to re-open discovery upon a showing of good cause. Most witnesses are identified early on when ample time for follow-up remains. Where, as here, a witness is uncovered late in the process and is timely disclosed, there may not be time to depose a witness before the deadline, but there is usually time to interview a fact witness and obtain a counter-declaration. If there is not, a court might or might not grant relief (as was done here).

### CONCLUSION

Although this Court is a firm supporter of strict enforcement of the disclosure requirements of FRCP 26, the rule does not go as far as Intel wishes. The motion to strike is **DENIED.**

**IT IS SO ORDERED.**

---

1. Declarations are sometimes used at trial to refresh recollection. For that purpose, strictly speaking, the declarations themselves do not become part of the evidentiary record. Nonetheless, this constitutes a "use" of the declarations at trial. Since this would be a use other than impeachment, a question might arise whether FRCP 26(a) and (e) precluded such use of an unrevealed declaration. For the reasons stated in the text, there should be no bar as to the customary declaration obtained in anticipation of an imminent summary-judgment motion.